UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                        Case No. 21-cr-56-1-SM
                                              Opinion No. 2022 DNH 056

<u>Jafet Centeno</u>

**<u>O R D E R</u>**

Defendant moves to suppress evidence seized during a search of his room in his mother's house, conducted pursuant to a search warrant issued by a New Hampshire Superior Court Judge. The warrant appears valid in all respects and seems to be fully supported by the underlying affidavit.

Defendant's motion essentially challenges only the information presented to the issuing magistrate related to the identity of his residence — the place to be searched. He says it was insufficient, as there were no observations of him entering or leaving the residence, and only general references to the police having "confirmed" his mother's home as his residence based upon information gleaned from the Manchester Police Department Database, and the TLO National Information Database. That would probably have been sufficient to establish the likelihood that defendant resided at his mother's home, but

1

even that information was strengthened when it was confirmed by the defendant himself.  After he was briefly stopped on February 22, 2021, while driving a car registered to his mother's address, defendant's name, date of birth and apparent address were given or determined in some manner during the encounter — his address was the same as his mother's.

Police officers were investigating reports of thefts from cars in the neighborhood in which defendant had been seen cruising during the early morning hours.  Defendant's car fit the description of one that had been driven by the theft suspects.  The warrant's supporting affidavit notes that defendant was identified at the time as "Centeno, Jafet DOB: [REDACTED], 1997, Address: 70 West River Drive" [his mothers' address].  It is not clear whether that information was obtained from defendant's driver's license, or whether he provided it, or it was simply the address of registration.  But any ambiguity was largely resolved by defendant's own statements:  "Centeno stated that he was locked out of his mother's house and was attempting to stay at his cousin's girlfriend's who lived at 15 Court Side Way."

The issuing magistrate certainly could have reasonably concluded that defendant probably resided at the address

indicated by the police databases, and where the car he was driving was registered, and where he said he had been locked out of, necessitating his seeking to stay at his cousin's girlfriend's supposed residence that evening.

Nothing in the record suggests that defendant did <u>not</u> reside at his mother's home, or that he (credibly) resided exclusively elsewhere, or that the stolen firearms at issue were not likely to be found at his residence.  The supporting affidavit adequately established defendant's residence, and the police were entitled to rely upon the issued warrant to conduct the search.  <u>See e.g.</u> <u>United States v. Leon</u>, 468 U.S. 897 (1984).

## Conclusion

The motion to suppress evidence (doc. no. 23) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 20, 2022

cc:  Anna Z. Krasinski, AUSA
     Donald A. Kennedy, Esq.
     U.S. Probation
     U.S. Marshal

3